Aurora Cantu VELA, Appellant,

v.

ALICE SPECIALTY CO. et al., Appellees.

No. 1346.

Court of Civil Appeals of Texas, Tyler.

Oct. 9, 1980.

James A. Smith, Port LaVaca, for appellant.

J. M. Burnett, H. T. Hermansen, Jr., Dyer & Redford, Corpus Christi, for appellees.

SUMMERS, Chief Justice.

This is an intersection collision case. The case was tried to a jury, which in response to special issues submitted, found that appellant Vela, plaintiff below, failed to yield to appellee Hudson's right–of–way, that such was negligence and a proximate cause of the accident.

We affirm.

The accident occurred outside the city limits of Taft, Texas, at the intersection of Davis Street (FM 631) and Verbina Street, a county road. Davis runs in a north–south direction and is intersected by Verbina on the east and west. Verbina does not intersect Davis at regular right angles but rather is offset to the south on the east side of Davis as compared with Davis' west side. The evidence adduced at trial reveals that while there had formerly been a stop sign on Verbina Street to the west of Davis, at the time of the accident it was not in place. Both streets were approximately the same width and there were neither curbs no center lines on either street.

At the time of the accident, appellee Hudson (Alice Specialty Company's driver) was traveling south on Davis Street, and appellant Vela was traveling east on Verbina. Thus, as Hudson was approaching the intersection, Mrs. Vela was to his right. The truck driven by Hudson struck Mrs. Vela's automobile on the left front quarter panel and driver's door. From the evidence, it is not clear which driver first entered the intersection.

Trial was to the jury upon negligence theories. The trial court submitted negligence and proximate cause issues predicated on issues for both parties involving right–of–way, lookout, speed and brakes, as well as Mrs. Vela's issue inquiring whether Mr. Hudson failed to turn right before the occurrence. The jury's verdict turned upon its answer to Special Issue No. 13, viz.:

> Do you find from a preponderance of the evidence that Aurora Cantu Vela failed to yield the right–of–way to the vehicle driven by Donald Ray Hudson?
> Answer "We do" or "We do not."
> Answer: We do.

together with its findings that such failure was negligence (Special Issue No. 14) and a proximate cause of the occurrence (Special Issue No. 15). The jury also affirmatively answered both Vela's and Hudson's lookout issues but found that neither was a proximate cause of the accident; to all other issues it responded negatively.

Appellant Vela presents various attacks on the composition and submission of both right–of–way issues. Her points of error (Points 1–4) complain of the trial court's submission of these issues without a proper right–of–way instruction, its failure to give her requested instruction and its refusal to submit her tendered issues "... because the issues requested properly state the law of the case, while the issues actually submitted do not." In oral argument appellant made it apparent that the essence of her complaint was that the charge was defective due to the court's failure to include a right–of–way instruction and was therefore reversible error.

We disagree.

Uncontroverted testimony in the lower court reveals that the intersection of Davis and Verbina Streets, from the direction the parties were traveling, was an uncontrolled intersection. In such an instance, Article 6701d § 71 applies.[1] That article provides:

> (d) Except as provided in Subsection (d–1) of this section, the driver of a vehicle approaching the intersection of a different street or roadway, not otherwise regulated herein, or controlled by traffic control signs or signals, shall stop, yield and grant the privilege of immediate use of such intersection to any other vehicle which has entered the intersection from such driver's right or is approaching such intersection from such driver's right in such proximity thereto as to constitute a hazard and after so stopping may only proceed thereafter when such driver may safely enter such intersection without interference or collision with traffic using such different street or roadway.[2]

---

1. This and all other statutory references are to Vernon's Annotated Texas Civil Statutes.

2. Subsection (d–1) provides:
   (d–1) The driver of a vehicle approaching the intersection of a through street or road-way from a street or roadway which terminates at the intersection, not otherwise regulated in this section or controlled by traffic control signs or signals, shall stop, yield, and grant the privilege of immediate use of the intersection to another vehicle which has en-

■ While the controlling right–of–way issues submitted by the court were broadly stated and as submitted were probably broad enough to include the duty created by the statute, which could be brought out in argument, *Rampy v. Allstate Insurance Company*, 492 S.W.2d 85, 89 (Tex.Civ.App.–Austin 1973, writ ref'd n. r. e.), we feel that the better practice in intersection collision cases would be to submit a charge similar to that included in 1 State Bar of Texas, Texas Pattern Jury Charges § 6.02 (1969).[3] Such would enable the jury to intelligently pass upon the issues. *Nickel v. Snider*, 484 S.W.2d 940 (Tex.Civ.App.–Corpus Christi 1972, writ ref'd n. r. e.); *Knight v. Stewart*, 282 S.W.2d 307, 310 (Tex.Civ.App.–Dallas 1955, no writ); Neal & Paddock, *Submission of Issues in Uncontrolled Intersection Collision Cases in Texas*, 44 Texas L.Rev. 1 (1965).

However, the immediate question to be resolved is whether Vela has waived the error, if any. We hold that she has done so for the following reasons.

■ When a particular issue included in the charge is defective, the proper method of complaint is by objection. This is true regardless of whether the issue is one relied upon by the complaining party or his opponent. G. Hodges, Special Issue Submission in Texas 113 (1958); *Lyles v. Texas Employers' Insurance Association*, 405 S.W.2d 725 (Tex.Civ.App.–Waco 1966, writ ref'd n. r. e.). A complaint on account of a defective issue is waived unless specifically included in an objection which points out distinctly the matter objected to and the ground of the objection, Rule 274;[4] *Davis v. Campbell*, 572 S.W.2d 660 (Tex.1978). All of Vela's objections to the charge lodged in the trial court were premised upon the court's failure to give a right–of–way instruction. Her third and fourth points of error complain of the court's failure to submit her requested special issues in lieu of those actually submitted. As we construe her argument, the ground of objection was, in essence, that the issues submitted were defective for failure to include a right–of–way instruction. Clearly, there was no other objection to the charge, and if there were, it is deemed waived for Vela's failure to distinctly present it.

■ Thus, it is incumbent upon us to determine the real basis of the complaint, that is, whether it is the defect of the issues

---

tered the intersection from the through street or roadway or is approaching the intersection on the through street or roadway in such proximity as to constitute a hazard and after stopping may only proceed when the driver may safely enter the intersection without interference or collision with the traffic using the through street or roadway.

**3.** The charge suggested by the Committee on Pattern Jury Charges is as follows:

In connection with Issues No. 1, No. 2, and No. 3, you are instructed as follows:

At an intersection with no traffic control or signal, the driver of a vehicle approaching the intersection of a different street or roadway is required to stop, yield, and grant the privilege of immediate use of such intersection to any other vehicle which has entered the intersection from such driver's right or is approaching such intersection from such driver's right in such proximity as to be a hazard.

An approaching vehicle is a "hazard" if a person using ordinary care would reasonably conclude that he could not enter or pass through the intersection without danger of collision.

ISSUE NO. 1

Do you find from a preponderance of the evidence that when *Don Davis* was approaching the intersection the vehicle driven by *Paul Payne* had entered the intersection?

Answer "We do" or "We do not."

Answer: _____

If you have answered Issue No. 1 "We do not," then answer Issue No. 2; otherwise do no answer Issue No. 2.

ISSUE NO. 2

Do you find from a preponderance of the evidence that when *Don Davis* was approaching the intersection the vehicle driven by *Paul Payne* was approaching the intersection in such proximity as to be a hazard?

If you have answered either Issue No. 1 or Issue No. 2 "We do," then answer Issue No. 3; otherwise do not answer Issue No. 3.

ISSUE NO. 3

Do you find from a preponderance of the evidence that the failure of *Don Davis* to yield to the vehicle driven by *Paul Payne* was a proximate cause of the occurrence in question?

**4.** This and all other references to rules are to Texas Rules of Civil Procedure.

or the omission of the right–of–way instruction about which she complains. We hold that the substance of Vela's complaint is that the trial court erred in omitting a right–of–way instruction.

Rule 279 provides in part that:

Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment.

The instruction requested by Vela was not in substantially correct form in that it sought to instruct the jury relative to right–of–way laws prior to the 1969 revision of Article 6501d § 71.[5] She asked that the court instruct the jury that:

At an intersection with no traffic control or signal, the driver of a vehicle which has entered the intersection has the right–of–way with respect to another vehicle approaching the intersection from a different highway, and *when two vehicles enter an intersection at approximately the same time*, the driver of the vehicle on the right has the right–of–way. (Emphasis supplied.)

Clearly, this instruction was properly refused by the trial judge since it would have lead the jury astray and did not properly state the law.

Our supreme court in *Yellow Cab and Baggage Co. v. Green*, 154 Tex. 330, 333, 277 S.W.2d 92, 93 (1955), held that "[w]hen the court's charge contains no instruction, the complaining party must accompany his clear and specific objections to such omission with a substantially correct definition or explanatory instruction." After examining Vela's requested instruction, we hold that the request as framed failed to comport with the supreme court's mandate and the standards imposed by Rule 279.

We therefore conclude that the court's error in omitting the right–of–way instruction, if such were error, is not grounds for reversal since the proffered instruction was legally incorrect. Further, due to the fact that all of Vela's points of error are predicated on the omission as were her objections, we accordingly overrule appellant's points of error nos. 1–4.

Affirmed.

---

5. Article 6501d § 71 as originally enacted reads:

(a) The driver of a vehicle approaching an intersection shall yield the right–of–way to a vehicle which has entered the intersection from a different highway.

(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right–of–way to the vehicle on the right.

(c) The right–of–way rules declared in subdivision (a) and (b) are modified at through highways and otherwise as hereinafter stated in this Article.