Albert **SCHUTZ**, et al., Appellants,

v.

**SOUTHERN UNION GAS COMPANY,**
Appellee.

No. 1408.

Court of Civil Appeals of Texas,
Tyler.

May 7, 1981.

Malcolm Robinson, Stuart N. Henry, Hooper, Robinson & Moeller, Austin, for appellants.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a take-nothing judgment rendered by the trial court in conformity with a jury verdict favorable to appellee.

Suit was instituted by twelve families residing in the Barton Hills area of Austin, all of whom but two are appellants herein. These families sued appellee, Southern Union Gas Company, alleging that the gas company negligently maintained its gas lines in the area, thus causing leaks and resulting in the destruction of more than 100 trees belonging to plaintiffs collectively.

In answer to the special issues submitted in the court's charge, the jury found no negligence on appellee defendant's part and the court accordingly rendered judgment in favor of appellee. Appellants filed a motion for new trial which was overruled by operation of law. There is no statement of facts, and the case is before this court on the transcript and a bill of exception relating to exclusion of evidence.

We affirm.

Appellants initially predicated their appeal on three points of error but at the time of oral argument waived their third point. Accordingly we shall address only appellants' first two points.

In their first point of error, appellants contend that the trial court erred in submitting the definition of negligence and the wording of the special issue on negligence despite the appellants' request to change both the definition and issue. We disagree with this contention.

As a part of his charge the trial court submitted Special Issue No. 1 and its accompanying definitions of negligence and ordinary care, worded as follows:

The term "negligence" means the doing of that which a person of ordinary prudence in the exercise of ordinary care would not have done under the same or similar circumstances or the failure to do that which a person of ordinary prudence in the exercise of ordinary care would have done under the same or similar circumstances.

The term "ordinary care" means that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances.

SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that, between November, 1975, and July, 1977, Defendant failed to maintain its gas lines in the area in question with ordinary care?

Answer "We do" or "We do not."

Answer: _____

The plaintiffs-appellants made the following request for a change in the definition of negligence and standard of care and the wording of Special Issue No. 1, which request was refused by the court:

### PLAINTIFFS' REQUESTED DEFINITIONS AND SPECIAL ISSUES

\*  \*  \*  \*  \*  \*

Comes [sic] now Plaintiffs and respectively request that the definitions to be used in the charge to the Jury be as follows:

That negligence be defined as follows:

The term "negligence" means the doing of that which a gas company carrying a highly dangerous substance in the exercise of the care required of such gas company would not have done under the same or similar circumstances or the failure to do that which a gas company carrying highly dangerous substances in the exercise of the care required of such gas company would have done under the same or similar circumstances.

The term "care required of such gas company" means that degree of care which a gas company must exercise to prevent damage commensurate to the danger which it is its duty to avoid under the same or similar circumstances.

In conjunction with the definition requested, the Plaintiffs would also request a change from the present wording of special issue number 1 to read as follows:

Do you find from a preponderance of the evidence that, between November, 1975, and July, 1977, the Defendant failed

to maintain its gas lines in the area in question with that degree of care required of a gas company?

Rule 274 [1], Texas Rules of Civil Procedure, provides that:

A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections....

■ If the definition is given, but is claimed to be defective, under Rule 274 *objection* is the means of preserving the complaint. Likewise, *objection* is the proper method of preserving complaint as to an issue actually submitted but claimed to be defective. *Lyles v. Texas Employers' Insurance Association,* 405 S.W.2d 725, 727 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.); *Vela v. Alice Specialty Co.,* 607 S.W.2d 289, 291 (Tex.Civ.App.—Tyler 1980, no writ).

■ A mere request to submit a different definition or issue than that proposed by the trial court cannot be considered as an *objection* pointing out distinctly the matter to which a litigant objects and the grounds of his objection. Such a request will not be given effect as an *objection* under Rule 274. *Texas Employers' Insurance Association v. Jones,* 393 S.W.2d 305, 306–307 (Tex.1965); *City of Dallas v. Priolo,* 150 Tex. 423, 242 S.W.2d 176, 179 (1951); *Lyles v. Texas Employers' Insurance Association, supra* at 727; *Southwestern Settlement & Develop. Corp. v. State,* 282 S.W.2d 78, 85 (Tex.Civ.App.—Beaumont 1955, writ ref'd n. r. e.).

■ In the case at bar there are no objections to the court's charge, and appellants' request for another and different definition of negligence and wording for Special Issue No. 1 is not a substitute for an objection and does not properly call error to the attention of the court. *Bell v. Missouri-Kan-*

sas-*Texas Railroad Co. of Texas,* 334 S.W.2d 513, 516–17 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n. r. e.); *Naylor v. Lack,* 243 S.W.2d 240, 242–43 (Tex.Civ.App.—Dallas 1951, no writ); *Southwestern Settlement & Development v. State, supra,* at 85.

■ Additionally, on the record before us, without a statement of facts, we cannot sustain appellants' first point of error. The law is well settled that an appellate court cannot determine whether the giving or refusing of a charge or instruction or an issue is reversible error in the absence of a statement of facts. *Duffey v. Hanes,* 474 S.W.2d 621, 623 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.); *Williamson v. Johnson,* 492 S.W.2d 327, 330 (Tex.Civ.App.—Tyler 1973, no writ); *Erickson v. High,* 517 S.W.2d 702, 703–04 (Tex.Civ.App.—Houston. [14th Dist.] 1974, writ ref'd).

In *O. H. Lanier, Inc. v. Bexar County National Bank,* 376 S.W.2d 42, 44 (Tex.Civ. App.—San Antonio 1964, no writ), the court said, "it is well settled that this Court cannot determine whether the giving or refusing of a charge or an issue is reversible error in the absence of a statement of facts." The court also pointed out that, even if there were error in the charge, without a statement of facts it was not possible to determine whether the error was harmful and reversible within the meaning of Rule 434. Appellants' first point of error is overruled.

Appellants' second point of error contends that the trial court erred in granting the appellee's motion in limine and subsequent motion preventing the appellants from presenting any evidence, directly or indirectly, concerning the amount of lost and unaccounted for gas in appellee's system and preventing the appellants from presenting any evidence, directly or indirectly, concerning the fact that the appellee is allowed by a Texas Railroad Commission rule to expense such lost and unaccounted for gas.

Prior to trial, the trial court sustained the appellee's first motion in limine. During

---

1. All references to rules are to Texas Rules of Civil Procedure unless noted otherwise.

the trial, appellants called Alan B. Johnson, District Operations Manager of the Central Texas District for appellee and during his testimony requested a second ruling on appellee's pending motion in limine relating to lost and unaccounted for gas and the Railroad Commission rule. The trial judge again granted the appellee's motion, but after a hearing outside the presence of the jury at which testimony was presented and remarks of counsel were heard, the court amended his prior rulings on appellee's motion in limine so as to allow appellants to present evidence as to lost and unaccounted for gas but not the Railroad Commission Rule.

After being permitted to do so, the record herein does not reflect that appellants ever tendered into evidence any testimony developed on the bill of exception or other evidence regarding lost or unaccounted for gas. It only shows an offer to introduce the Railroad Commission Rule which the court had stated would not be admitted.

■ Appellants' point of error is lodged against the court granting appellee's motion in limine relating to lost and unaccounted for gas and the Railroad Commission rule. The erroneous granting of a motion in limine is not of itself reversible error. It is the subsequent exclusion or admission of relevant evidence pursuant to its action on the motion in limine that may constitute reversible error. *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963); *Zoner v. Hertz Equipment Rental Corporation*, 523 S.W.2d 765, 770 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.). Error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record by bill of exception or otherwise that shows clearly not only what the evidence would have been if admitted, but also its relevancy. *Gonzales v. Texas Dept. of Human Resources*, 581 S.W.2d 522, 532 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Rogers v. Butler*, 563 S.W.2d 840, 844 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *Swinney v. Winters*, 532 S.W.2d 396, 402 (Tex.Civ.App.—San Anto-

nio 1976, writ ref'd n. r. e.); *Central Power & Light Company v. Martinez*, 493 S.W.2d 903, 906 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Merrifield v. Seyferth*, 408 S.W.2d 558, 562 (Tex.Civ.App.—Dallas 1966, no writ).

■ The court's amended ruling made while testimony was being adduced during trial, as shown by the bill of exception, expressly allowed appellants to present evidence relating to lost and unaccounted for gas. If appellants thereafter elected not to present such evidence, they cannot now complain that such evidence was excluded. Furthermore, it is not shown how the Railroad Commission rule would be relevant under the existing record in the case and that its rejection probably affected the verdict and judgment herein.

■ Any error in not admitting or excluding evidence becomes immaterial where such evidence does not affect the verdict and judgment rendered. To obtain a reversal of the judgment for exclusion of evidence, appellants had the burden to show the rejection of the proffered testimony was error and that it was reasonably calculated to and probably did cause the rendition of an improper judgment. *Gomez Leon v. State*, 426 S.W.2d 562, 565 (Tex. 1968); *Swinney v. Winters*, 532 S.W.2d 396, 403 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *Coleman v. Pacific Employers Insurance Company*, 484 S.W.2d 449, 452 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.); *Gordon v. Aetna Casualty & Surety Company*, 351 S.W.2d 602, 604 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.).

■ We conclude that appellants have failed to show that the exclusion of the rejected evidence was error, or if we could say it was error, appellants have failed to demonstrate that such error was reasonably calculated to cause and probably did cause rendition of an improper judgment in this case. Rule 434. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.