**Donald and Cheryl REVEAL, Individually and as Next Friend of Daniel A. Reveal, a Minor, Relators,**

v.

**The Honorable David WEST, Judge of the 269th District Court of Harris County, Texas, Respondent.**

**No. 01–88–01018–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 20, 1988.

Nick C. Nichols and Grant Kaiser, Abraham, Watkins, Nichols, Ballard, Onstad &

Friend, Houston, Sam M. Yates, Yates, Liddell & Yates, and Paul Jensen, Tullis & Jensen, Houston, for relators-appellants.

Larry D. Thompson, Lorance & Thompson, and Thomas R. Conner, Smith & Conner, Houston, for respondent-appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

JACK SMITH, Justice.

In this request for mandamus relief, relators ask this Court to order the trial court to rescind an order requiring them to return a doctor's report and ordering that the "[r]eport and any reference thereto in this case is prohibited."

Donald and Cheryl Reveal and their son Daniel are relators and the plaintiffs in the underlying medical malpractice suit. The suit alleges that the doctor and hospital acted negligently in the delivery of Daniel at the time of his birth.

The subject of this mandamus is an exhibit to the deposition of the defendants' expert witness, Dr. George B. Sharpe. Although specifics of the incident in question are in dispute, it is undisputed that during the course of the deposition, Dr. Sharpe produced for the Reveals' lawyers a copy of a letter by another doctor, Ian Butler, that evaluated Daniel's condition. This report had been prepared at the request of the defendant insurance company.

The defendants' lawyers did not object to the introduction of the report during the deposition and, in fact, allowed relators' lawyer to question Dr. Sharpe at length concerning Dr. Butler's report. Twelve days after the deposition concluded, counsel for the defendants demanded that the relators' lawyers return all copies of Dr. Butler's report, claiming that it was privileged, that they had not waived the privilege, and that Dr. Sharpe had not relied on the report. Upon relators' refusal, defendants sought a motion for protective order. The respondent trial judge approved and

signed a report of a special master granting the motion for protective order. That order is the basis of this mandamus action.

■■■ Relators argue that the report is not privileged, and that the defendants waived any right to complain of admission of the disputed report. However, we need not reach these questions. The order is similar to a motion in limine. The relators may reoffer the evidence at the time of trial. *See National Living Centers, Inc. v. Cities Realty Corp.*, 619 S.W.2d 422, 425 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). The trial judge's determination is then reviewable by appeal. *See Forscan Corp. v. Touchy*, 743 S.W.2d 722 (Tex.App. —Houston [14th Dist.] 1987, orig. proceeding). Mandamus issues only when there is no adequate remedy by appeal. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986).

Relators contend that mandamus review is appropriate in a discovery dispute such as the one at bar.

In the leading discovery mandamus case, *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984), the court found that the trial court's denial of discovery effectively prevented proof of material allegations by the relators in the lawsuit and that an appeal would not be an adequate remedy. The court reasoned:

> Because the evidence exempted from discovery would not appear in the record, the appellate courts would find it impossible to determine whether denying the discovery was harmful.

*Id.* at 576.

Dr. Butler's report is an exhibit in his deposition and thus may be presented for appellate review, unless the intent of the court's order is to remove the report from the deposition.

The relevant portion of the Court's order reads as follows:

> ORDERED, that good cause is shown for the return forthwith by Plaintiff to [hospital's attorney] of said Report which request is granted.

FURTHER ORDERED, that said Report and any reference thereto in this case is prohibited.

The trial court's order is ambiguous because it fails to state with reasonable specificity the relief it intended to give to the defendants. For instance, its order of the return of the report could mean the removal of the report from the deposition, or it could mean the return of the copies of the report that the relators possess, or it could mean both. Furthermore, its order that "any reference thereto in this case is prohibited" is not limited and appears to preclude the relators from making even a proper offer of proof outside the presence of the jury.

Tex.R.Civ.P. 166b(5)(c) provides methods for protecting results of discovery where good cause is shown. However, neither the removal of exhibits from a deposition nor an unlimited order that no reference to the report could be made at any time, are among the methods listed. The defendants were unable to furnish this Court with any authority to support these two actions taken by the trial court.

■■■ To preserve error, the complaining party must reoffer suppressed evidence at trial, and then bring before the appellate court a record by offer of proof of such evidence. *Schutz v. Southern Union Gas Co.*, 617 S.W.2d 299, 303 (Tex.Civ.App.— Tyler 1981, no writ); *Gulf States Abrasive Mfg., Inc. v. Oertel*, 489 S.W.2d 184, 187 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.).

■■■ Insofar as the trial court's order purports to remove Dr. Butler's report from Dr. Sharpe's deposition, we hold that the trial court exceeded its authority. The order was an abuse of discretion because it precludes the relators from reoffering such evidence at trial.

■■■ Insofar as the order purports to prohibit the relators from making any reference to Dr. Butler's report without limitation, we find the trial court exceeded its authority. This order is so encompassing that it would prevent the relators from making a record, even in an offer of proof,

that would protect their rights in the event of an appeal.

■ We decline to rule on the question of the admissibility of Dr. Butler's report during the trial on the merits, but we hold that the trial court has authority to make a pretrial ruling on the admissibility of Dr. Butler's report. Tex.R.Civ.P. 166; Tex.R. Civ.Evid. 103. We also note that a trial court may reconsider its pretrial rulings, either before trial or during trial.

■ The relators also complain of an order requiring them to submit to observation by a rehabilitation specialist, an expert witness for the defendants. The same day the relators filed this request for mandamus relief, the rehabilitation specialist observed the Reveal family. At oral submission, the parties agreed that this complaint is now moot.

To the extent set out above, the mandamus is conditionally granted. All other relief prayed for by relators is denied. We are confident that the trial court will proceed according to this opinion. However, should it not, the appropriate writ will issue.