Gregory E. **JOHNSON** and Sandra Leigh **Johnson, Individually and as Next Friends of Britany Nicole Johnson and Courtney Rene Johnson, Mona Evans, Individually and as Next Friend of Angela Evans, Shanna Evans and Nicole Evans; Robert H. Brady and Antoinette Brady; Billy J. Bucy; and Patsy L. Bucy, Appellants,**

v.

Eli **GARZA** and Truman **Leach, Appellees.**

No. 3–92–546–CV.

Court of Appeals of Texas, Austin.

Aug. 17, 1994.

Opinion Overruling Motion for Rehearing Oct. 12, 1994.

---

Erik C. Moebius, Austin, for appellants.

Beth Harkins Miller, Clark, Thomas, Winters and Newton, Austin, for appellees.

Before NYE and PRESLAR, C.JJ., and JACKSON B. SMITH, Jr., J.[*]

## OPINION

PER CURIAM.

The primary issue in this damage suit is whether the trial court's instructed verdict, at the close of the appellants'[1] case, in favor of the appellees was improper. Appellants sued Mr. Garza for intentionally setting fire to Garza's own condominium unit, for intentionally disarming the unit's fire alarm system and for negligently failing to maintain the unit's fire alarm system. Appellants assert the trial court erred in granting an instructed verdict and bring ten points of error. Appellees bring one cross-point involving the amount of the cost bond.

A fire destroyed four units of the Woodslopes condominiums on October 27, 1989. Appellants owned or resided in three of the units. Appellee Garza owned the fourth unit and appellee Leach lived with him.

On the day of the fire, Mr. Garza left his condominium at his usual time. Mr. Leach did so as well (they worked in the same business, a building inspection business with offices located on Mr. Garza's ranch). Mr. Leach made inspections during the morning, then returned to the condominium, and did some laundry. Mr. Garza returned to the condominium sometime before noon. Mr. Leach left to do an inspection and requested that Mr. Garza remove some clothes from the dryer.

Appellee Garza completed the laundry, had a milkshake, and left the condominium to return to his ranch. He stopped to make a bank deposit and buy groceries. Approximately thirty to sixty minutes after he had left the condominium, he received a telephone call telling him the condominiums were on fire.

Mr. and Mrs. Bucy, who lived in an adjoining unit, discovered the fire sometime between 1:30 and 2:00 p.m. in the cedar privacy wall between their unit and Garza's. Mrs. Bucy called the fire department and Mr. Bucy went to the Garza unit. Upon discovering the unit was locked, Bucy obtained a key from a neighbor. He and a second neighbor, Mr. Wetzel, went inside the condominium unit to see if anyone was inside. Both saw fire in Garza's kitchen, which fire had extended up to the west bedroom above it. Mr. Bucy also stated that he had gone up the entryway stairs and saw fire in the upper east bedroom.

After determining that no one was in the Garza unit, Bucy and Wetzel left, and Wetzel turned off gas valves leading to each unit. About that time, fire trucks arrived and shortly thereafter, Garza arrived. He went into his unit to get keys, and moved his car out of the garage. Several minutes later, the Bucy's unit collapsed and fell to the ground. Approximately fifteen minutes later, Garza's unit did the same.

No one knew which volunteer fire department served the condominium complex. The firefighters who first arrived were unable to gain access to the back of the units because the condominiums sat on a forty to fifty foot cliff on steel beams. Water pressure problems also created a water shortage. Furthermore, fighting the fire was more difficult

---

[*] Before Paul W. Nye, Chief Justice (retired), 13th Court of Appeals; Stephen F. Preslar, Chief Justice (retired), 8th Court of Appeals; and Jackson B. Smith, Jr., Justice (retired), 1st Court of Appeals, all sitting by assignment. See Tex.Gov't Code Ann. § 74.003(b) (West 1988).

1. Appellants, plaintiffs in the trial court, are: Gregory E. Johnson and Sandra Leigh Johnson, individually and as the next friends of Britany Nicole Johnson and Courtney Rene Johnson; Mona Evans, individually and as the next friend of Angela Evans, Shanna Evans and Nicole Evans; Robert H. Brady; Antoinette Brady; Billy J. Bucy; and Patsy L. Bucy. The Bradys owned, but did not occupy, a condominium unit. The other appellants were residents of the condominium complex at the time of the fire.

because the units were built almost entirely of dry cedar wood, inside and out, and had no fire walls between the units.

The appellants' basic complaint in their first six points of error is that the trial court refused to allow them to introduce circumstantial evidence to show Garza's precarious financial condition and motive to cause the fire. They alleged that Garza had a large loan balance that had been "called" for immediate payment; that this caused Garza a sudden financial crisis; and that the crisis was alleviated by insurance proceeds applied to the loan balance.

Appellants also speculated that a second, secret, insurance policy existed which they were unable to locate because they could not access an insurance industry data base. They assert that if the trial court had permitted them to inquire into Garza's loan and into the possibility of a second, secret, insurance policy, they could have shown a motive for Garza to set the fire or at least shown that his negligence caused the fire.

Prior to taking evidence in the trial, appellees filed a motion in limine asking the court to exclude all evidence of appellees' "finances, financial situation, or income tax returns until plaintiffs first bring forth some evidence of a financial motive to set Eli Garza's condominium on fire." This motion was granted.

Appellants contend that the court's granting of the motion in limine was improper and imposed conditions not required by the law of arson which permits any type of circumstantial evidence to be admitted to prove motive.

Garza's response to appellants' contention is that his motion in limine was filed for the purpose of preventing the appellants from introducing pure speculative evidence that the appellees started the fire for financial gain. Garza also points out that the pre-trial motion in limine did not prevent the appellant from offering the excluded evidence during trial and taking the necessary steps to preserve error; that is, offering the evidence during trial and making a bill of exceptions to any adverse ruling by the court.

We find no merit to appellants' contention that the trial court imposed improper conditions on the exclusion of their evidence. The appellants did not make an offer of the evidence which they say was excluded. Furthermore, at no point did the court ever prevent, or even suggest, that appellants could not, during trial, offer the evidence for a ruling or make a bill of exception concerning that evidence. If the court had prevented appellant from making a bill, then error would have been preserved. *See Reveal v. West,* 764 S.W.2d 8, 10–11 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). In general, the grant or denial of a motion in limine does not preserve error, *Redding v. Ferguson,* 501 S.W.2d 717, 722 (Tex.Civ. App.—Fort Worth 1973, writ ref'd n.r.e.). Granting the motion is not reversible error; it is the subsequent exclusion of relevant evidence that may constitute reversible error. *Schutz v. Southern Union Gas Co.,* 617 S.W.2d 299, 303 (Tex.Civ.App.—Tyler 1981, no writ). To preserve error concerning the exclusion of evidence, the complaining party must offer the evidence and secure an adverse ruling from the court. *Roberts v. Tatum,* 575 S.W.2d 138, 144 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.). The party objecting to a motion in limine must show the factual relevance of the objectionable material. *City of Houston v. Watson,* 376 S.W.2d 23, 33 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.).

In reviewing the record, we can find no evidence, other than the appellants' allegations and speculations, that either Garza or Leach had a motive to set fire deliberately to Garza's condominium; that is, to commit arson.

In the State of Texas, civil cases as well as criminal cases have similar requirements to prove that arson has been committed. Those requirements are (1) incendiary origin of a fire and (2) a connection between the defendant and the fire. *See State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 282 (Tex.App.—San Antonio 1992, writ denied); *see also O'Keefe v. State,* 687 S.W.2d 345, 349 (Tex.Crim.App.1985).

We cannot find any case law in Texas where a neighbor has filed suit against

a neighbor alleging arson. However, we get guidance from insurance cases, where the insurance carrier's defense is based on a claim of arson. These cases require that in showing a connection between the person asserting the claim and the fire, the carrier must show (1) a motive to set the fire, and (2) the opportunity to set the fire or other circumstance that link the claimant to the fire. The cases also show that on appeal the burden rests upon appellant to establish that some evidence has been presented on each and every element of the cause of action alleged. *See Cecil v. Zivley,* 683 S.W.2d 853, 855 (Tex.App.—Houston [14th Dist.] 1984, no writ).

In the present case, evidence shows that the condominium owners had an association that provided fire coverage on the condominium buildings. Other evidence shows that appellee Leach had no insurance coverage on his personal property, and that appellee Garza was underinsured on his personal property by approximately $300,000. It is manifest that this evidence not only does not show that the appellees had a motive to set the fire for financial gain, but shows they sustained a substantial financial loss. This evidence along with the alleged evidence which was never offered was the extent of appellants' proof to show motive for arson.

▇▇▇ We hold that the appellants failed to properly preserve error concerning evidence which they claim was improperly excluded. We further hold that under the facts of this case, it was necessary that the appellant prove the element of motive in their claim of arson by appellees. This they did not do, and having failed to sustain this burden, the appellants claim of arson cannot be sustained.

Appellants' points of error one through six are overruled.

Appellants' point of error seven asserts that the trial court erred in granting an instructed verdict because appellees' motion for an instructed verdict did not cover "the whole" case. We disagree.

Appellants went to trial on their fourth amended petition. In that petition they enumerated four causes of action. The first two

causes of action alleged negligence by the appellees in "intentionally disarming the smoke alarm or fire alarm in Unit 7." The third cause of action alleged negligence by the appellees in negligently failing to maintain their smoke detectors and fire alarm system in their unit (Garza's). The fourth cause of action alleged that Garza and/or Leach "intentionally set fire to his (Garza's) condominium." (Arson.)

The record shows that appellees' motion for instructed verdict contained five grounds; that is, two grounds on appellants' alleged arson cause of action, and three grounds on appellants' three specific grounds of alleged negligence by appellees. We find that appellees' motion for instructed verdict addressed all causes of action alleged by appellants.

We hold that the trial court's instructed verdict properly disposed of all causes of action alleged by appellants.

Appellants' point of error seven is overruled.

▇▇▇ In appellants' points of error eight and nine they contend that the directed verdict was improper because it was granted before "permitting appellants to put on their case" and that appellants' motion for a new trial should have been granted "because in fact no trial had taken place at all in that the trial court improperly excluded all circumstantial evidence as to motive." We find no merit to either of these points of error because the record is clear that the appellants had completed their evidence and rested their case prior to the court granting appellees' motion for an instructed verdict. Appellants' point of error eight and nine are overruled.

Appellants' point of error ten contends that there was more than a "scintilla of evidence" as to "arson and negligent or intentional disarming of appellees' smoke detector" and the trial court erred in granting an instructed verdict.

We have earlier in this opinion thoroughly discussed appellants' claim of arson by appellees and explained why they did not prove their claim. We find no necessity for further explanation.

■ Appellants also allege in this point of error that the appellees were negligent; that their evidence raised issues of fact concerning the appellees, and because issues were raised, the instructed verdict was improper. This claim cannot be intelligently discussed by us because appellants' brief does not (1) discuss with specificity what acts of the appellees constituted negligence and proximate cause; (2) make any legal argument to support their claim of negligence; (3) cite or refer us to any material in the statement of facts or their brief that would give us a clue as to what issues of negligence they raised, and (4) have not cited us to any case law which would support their claim. In effect, appellants failed to brief their claim of negligence by appellees, and failure to brief a point of error waives that point of error. *Redding v. Ferguson,* 501 S.W.2d at 723.

Appellants' tenth point of error is overruled.

By cross-point, Garza contends that the trial court erred by overruling the amended motion to increase the amount of appellants' cash deposit in lieu of cost bond and in giving an advisory opinion that appellees had to prove up their costs before final judgment was rendered. This Court, previous to oral argument, overruled a motion to increase the cost bond. Appellees conceded at oral argument that their cross-point had "fallen though the jurisdictional cracks," and had not been preserved for our consideration. Accordingly, the cross-point is overruled.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

■ In their motion for rehearing, appellants complain that this court did not consider the entire record of this cause, based on the use of the word "transcript" in the judgment. The term "transcript" as used in the judgment includes the statement of facts as well as the entire record before the court. Appellants' motion for a rehearing, including therein a motion for certified question and a motion to adopt a proposed opinion, is overruled.