CV4-751 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00751-CV


and


NO. 03-94-00752-CV







Bob Matyastik, Appellant



v.



State of Texas, Appellee







FROM THE COUNTY COURT OF MILAM COUNTY,


NOS. 6908 & 6946, HONORABLE ROGER HASHEM, JUDGE PRESIDING







PER CURIAM


 Bob Matyastik appeals from two trial court judgments forfeiting bail bonds on
which he was liable as a surety. In four points of error, appellant contends that the trial court
erred in: (1) overruling appellant's motions to dismiss the State's causes for want of prosecution; (1)
(2) forfeiting defective bonds; (3) violating appellant's constitutional right to call a witness; and
(4) not enforcing an agreement between the State and appellant. We will affirm the judgment in
each cause.

 This Court has consolidated the two causes for consideration because the trial court
heard them consecutively, with one statement of facts covering both causes. Cause number 6908,
George Gaskins' failure to appear, involved the forfeiture of a $500.00 bond. Cause number
6946, Ysidro Garza's failure to appear, involved the forfeiture of a $200.00 bond.

 Appellant's first point of error contends that the trial court erred in overruling his
motions to dismiss the State's causes for want of prosecution. Appellant contends that the time
standards for disposition of cases found in the Rules of Judicial Administration are mandatory. 
Tex. R. Jud. Admin. 6. Appellant is incorrect. The rules set time standards that the courts
should, "so far as reasonably possible," follow in bringing cases to trial or final disposition. Id. 
These rules do not alter the basic principle that the decision to dismiss a cause for want of
prosecution is within the sound discretion of the trial judge. State v. Rotello, 671 S.W.2d 507,
508-9 (Tex. 1984). That decision will be disturbed on appeal only if it was a clear abuse of
discretion. Id. The burden of proof rests upon the litigant asserting an abuse of discretion
because we presume that the trial court action was justified. Hosey v. County of Victoria, 832
S.W.2d 701, 704 (Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield, 480 S.W.2d 413,
415 (Tex. Civ. App.--Tyler 1972, writ dism'd). Appellant has not met that burden, as his only
basis for contending that the State's causes should have been dismissed is a misinterpretation of
the rules of judicial administration. We overrule point of error one in each cause.

 In point of error two, appellant contends that the bonds are invalid because they
do not have a cause number on them. He contends that this omission exonerates him from
liability. Tex. Code Crim. Proc. Ann art. 22.13(1) (West 1989). However, a cause number is
not one of the requisites for a bond. Id. at art. 17.08. Its absence, therefore, cannot make a bond
invalid. We overrule point of error two in each cause.

 In point of error three, appellant contends that the trial court erred in not allowing
him to call as a witness Hollis Lewis, the State's (2) attorney trying the cause. Mr. Lewis testified
in cause 6946. In cause 6908, heard immediately after cause 6946, the court refused to allow
appellant to call Mr. Lewis again unless appellant could demonstrate that Mr. Lewis' testimony
would differ from that he had just given. Appellant did not attempt to make a bill of exceptions
showing any testimony that the court prevented him from eliciting. He has not preserved any
error for review. Tex. R. App. P. 52(b); Johnson v. Garza, 884 S.W.2d 831, 834 (Tex.
App.--Austin 1994, writ denied); Roberts v. Tatum, 575 S.W.2d 138, 144 (Tex. Civ. App.--Corpus
Christi 1978, writ ref'd n.r.e.). We overrule point of error three in each cause.

 The entirety of point of error four reads: "The trial court judge erred by not
keeping the agreement made by the state. Said agreement is a part of the records." Appellant has
waived point of error four by completely failing to supply any argument, authorities, or references
to the record. Tex. R. App. P. 74; see Garza, 884 S.W.2d at 836. Further, the statement of
facts shows that the trial court refused to admit in evidence the agreement to which appellant
refers because appellant offered no authentication. Appellant did not make a bill of exceptions
to preserve error, if any, in excluding the agreement. Tex. R. App. P. 52(b); Garza, 884 S.W.2d
at 834. We overrule point of error four in each cause.

 We affirm the trial court's judgment in each cause.


Before Justices Powers, Kidd and B. A. Smith

Affirmed 

Filed: July 12, 1995

Do Not Publish

1. [1]  We liberally construe points of error. O'Neil v. Mack Trucks, Inc., 542 S.W.2d 112, 114
(Tex. 1976); Tex. R. App. P. 74(p). Appellant's point of error consists of a recitation of a
number of rules. Because he refers in his brief to the time standards found in the Rules of Judicial
Administration and because he filed motions in the trial court to dismiss the State's causes of
action for want of prosecution based on those standards, we interpret his first point of error as
complaining of the court's action in overruling his motions to dismiss.
2. [2]  Mr. Lewis served as both the District and County Attorney for Milam County.