TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00681-CV






Larry W. Kimes, Appellant



v.



Commission for Lawyer Discipline, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-13957, HONORABLE DEBBIE M. STRICKLIN, JUDGE PRESIDING 







 Larry Kimes appeals the trial court's judgment disbarring him from the practice of law. See
Tex. R. Disciplinary P. 1.06(T), 3.11. Based on Kimes' deemed admissions, the court adjudicated the
issue of professional misconduct summarily. The court then heard evidence on sanctions, following which
it rendered a final judgment of disbarment in favor of appellee Commission for Lawyer Discipline. We will
affirm the trial court's judgment.

 In points of error one and two, Kimes challenges the trial court's refusal to set aside his
deemed admissions. The Commission's requests for admissions, served on Kimes on February 23, 1996,
were deemed admitted when Kimes failed to answer them within thirty days. Tex. R. Civ. P. 169(1). On
April 15, 1996, Kimes filed a written motion to withdraw the deemed admissions. The record does not
show, however, that Kimes ever set his motion for a hearing. On July 26, the court conducted a hearing
on the Commission's motion for summary judgment. During this hearing, Kimes sought a ruling on his
motion to withdraw deemed admissions. The court refused to consider the motion, stating that it was not
before the court. The court thus heard no evidence on Kimes' motion and made no ruling on it. Rather
than contend that the court erred in refusing to consider his motion, however, Kimes asserts that his oral
request for a ruling put the motion before the trial court, that the court effectively denied his motion, and
that the court's denial was error.

 The trial court has inherent power to control the disposition of the cases on its docket with
economy of time and effort for itself, for counsel, and for litigants. Metzger v. Sebek, 892 S.W.2d 20, 38
(Tex. App.--Houston [1st Dist.] 1994, writ denied);Cruz v. Morris, 877 S.W.2d 45, 47 (Tex.
App.--Houston [14th Dist.] 1994, no writ). We believe such power includes the discretion to hear and
determine written motions only after a hearing has been set with notice to all parties. Kimes allowed three
months to pass without requesting a hearing on his motion to withdraw deemed admissions. During that
time, Kimes agreed with the Commission to tender his resignation to the supreme court, withdrew from that
agreement, waited until the hearing set on the Commission's motion for summary judgment, and then
requested a ruling on his motion to withdraw the admissions. Given the circumstances under which the trial
court refused to consider Kimes' motion, we find no error. For the same reason, even assuming the trial
court's proceedings could be considered a ruling, we find no error in denying the motion. We overrule
points one and two.

 In point of error ten, Kimes asserts that, because the Commission failed to file a copy of
its request for admissions promptly, the trial court should not have rendered judgment based on deemed
admissions. A party requesting admissions must promptly file a copy of the request in the clerk's office. 
Tex. R. Civ. P. 169(1). The Commission served its request on Kimes by mail on February 23, 1996, and
filed a copy on February 28. Kimes never complained to the trial court that the Commission failed to file
the copy promptly. Because he failed to object to the trial court and obtain a ruling, Kimes has preserved
nothing for review. See Tex. R. App. P. 33.1(a). Even if we were to consider Kimes' complaint, we
cannot conceive how the passage of five days before filing harmed him. We overrule point ten.

 Kimes argues in point of error three that the trial court erred in setting the case for trial on
April 22, 1996. In point of error four, he asserts that the court abused its discretion by denying him a
continuance of the April 22 trial setting. The record contains no ruling on Kimes' motion for continuance. 
Kimes cannot contend on appeal that the trial court improperly denied his motion unless the record shows
that the court ruled on it. Tex. R. App. P. 33.1(a)(2). Although Kimes has appended to his brief a copy
of an order denying his motion for continuance, this order is not part of the appellate record and we cannot
consider it. First Southern Trust Co. v. Szczepanik, 880 S.W.2d 10, 15 (Tex. App.--Dallas 1993),
rev'd on other grounds, 883 S.W.2d 648 (Tex. 1994). See Tex. R. App. P. 34.1. Even if the order
were before us, the record also shows that no trial occurred on April 22. Rather, the trial court conducted
the hearing on which the judgment is based on July 26. Kimes would therefore not be able to show harm
from the denial of his motion. See Tex. R. App. P. 44.1(a). We overrule points three and four.

 In point of error five, Kimes asserts that the trial court abused its discretion by refusing to
continue the July 26 trial setting. Kimes asked the trial court to continue the setting until the supreme court
ruled on his motion to withdraw his motion to resign from the practice of law. Rule of Disciplinary
Procedure 10.02 provides that an attorney who has moved to resign in lieu of disciplinary action may
withdraw the motion. Tex. R. Disciplinary P. 10.02. Kimes' motion achieved the purpose of withdrawing
the motion to resign without the supreme court's acting on it. Because the trial court did not abuse its
discretion in refusing to continue the July 26 setting, we overrule point five.

 In his sixth point of error, Kimes contests the trial court's award of $10,000 in attorney's
fees to the Commission, arguing that his affidavit raised a genuine issue of material fact on the amount of
fees. See Tex. R. Civ. P. 166a(c). The court did not award attorney's fees on the Commission's motion
for summary judgment, but ordered Kimes to pay the fees following an evidentiary hearing on sanctions. 
See Tex. R. Disciplinary P. 1.06(T) (authorizing attorney's fees as sanction). We will liberally construe
Kimes' point of error to challenge the legal and factual sufficiency of the evidence to support the sanction
of $10,000 in attorney's fees. Tex. R. App. P. 38.9. We review Kimes' legal-sufficiency challenge by
considering only the evidence and inferences that tend to support the finding. Alm v. Aluminum Co. of
Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990); Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965). If any probative evidence supports the finding, it must be upheld. 
Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989). To review Kimes' factual-sufficiency challenge, we consider all the evidence and will set aside the finding only if the evidence
supporting it is so weak, or the evidence to the contrary so overwhelming, as to make it clearly wrong and
unjust. Garza, 395 S.W.2d at 823; West v. Watkins, 594 S.W.2d 800, 802 (Tex. Civ. App.--San
Antonio 1980, writ ref'd n.r.e.).

 At the evidentiary hearing, the trial court judicially noticed the entire contents of the court's
file. The file contained an affidavit by the Commission's attorney, who stated that, given her knowledge
and experience, $125 was a reasonable hourly rate in Travis County for the work done in the case. The
attorney stated that she had spent seventy-five hours representing the Commission, itemizing the tasks
involved, and that she anticipated spending additional time preparing for the July hearing. She concluded
that a reasonable fee was $10,000. The affidavit is some evidence supporting the trial court's award of
$10,000 in attorney's fees. In opposition to the Commission's evidence, Kimes filed an affidavit in which
he gave his opinion that the number of hours spent and the amount of fees were unreasonable, unnecessary,
and excessive. Kimes' opinion testimony does not render the evidence factually insufficient to support the
award. Nor does evidence that, to settle the suit, the Commission would have accepted $2500 in
attorney's fees. We thus overrule point six.

 Kimes claims in point of error seven that the trial court erred by refusing to hold a separate
evidentiary hearing on sanctions. The court, in fact, held a separate evidentiary hearing. See Tex. R.
Disciplinary P. 3.10 (giving court discretion to conduct such a hearing). Kimes appears to complain that
the trial court did not continue the sanctions hearing to a later date. The record of the hearing shows that
Kimes offered to stipulate to the Commission's allegations of misconduct if the Commission would agree
to postpone the sanctions hearing. The Commission declined to defer the hearing, however, and the trial
court proceeded to consider the Commission's summary-judgment motion. Kimes failed to object to the
court's proceeding in this manner and, thus, has preserved nothing for review. See Tex. R. App. P.
33.1(a). Further, Kimes testified at length at the sanctions hearing as to mitigating factors, such as his
medical problems and their treatment. The trial court did not impose sanctions without considering
mitigating circumstances or the factors the trial court is required to consider before imposing sanctions. See
Tex. R. Disciplinary P. 3.10(A)-(L). We overrule point seven.

 In point of error nine, Kimes asserts that the trial court erred by refusing to modify the
judgment. Kimes' timely motion to modify the trial court's judgment was overruled by operation of law. 
See Tex. R .Civ. P. 329b(c). A motion to modify judgment that is overruled by operation of law preserves
for appellate review a complaint properly made in the motion, unless taking evidence was necessary to
properly present the complaint in the trial court. Tex. R. App. P. 33.1(b).

 Kimes first claims that the trial court should have modified the judgment because he did not
receive a copy until after it had been signed. Kimes was required to substantiate this claim by presenting
evidence before the trial court. The record does not show that he did so. We hold that Kimes failed to
preserve this complaint for review. See id.

 Kimes next contends that the judgment contains matters that were not supported by the
pleadings, evidence, or argument at the hearing. Rather than identify these matters, Kimes purports to
support his contention by incorporating into his argument his entire motion to modify the judgment. We do
not believe that incorporating a post-trial motion into an appellate brief satisfies the obligation to state a
clear argument for the contention. See id. 38.1(h). A party waives an argument for review by failing to
brief it. Johnson v. Garza, 884 S.W.2d 831, 836 (Tex. App.--Austin 1994, writ denied). Even if we
considered Kimes' argument, we would not sustain it: the acts the trial court ordered, such as requiring
Kimes to notify his clients of his disbarment and return to them any files, property, or money, are merely
incidental to the judgment of disbarment. See Tex. R. Disciplinary P. 3.11 (court ordering disbarment shall
make all other appropriate orders). Kimes does not complain that the disbarment itself lacked support. 
We therefore overrule point nine.

 Kimes contends in point of error eleven that the Commission's failure to use due diligence
in serving him with the disciplinary petition required the trial court to dismiss the suit for want of prosecution. 
Kimes asserts that, although the Commission filed its petition on November 7, 1995, it failed to serve him
until December 13. Kimes did not present his complaint to the trial court for a ruling and, in any event, the
record does not show when Kimes was served. We therefore overrule point eleven.

 Because Kimes states in his brief that he withdraws his eighth point of error, we do not
address the point.

 Having overruled every point of error presented for review, we affirm the judgment of the
trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 12, 1998

Do Not Publish



ng. She concluded
that a reasonable fee was $10,000. The affidavit is some evidence supporting the trial court's award of
$10,000 in attorney's fees. In opposition to the Commission's evidence, Kimes filed an affidavit in which
he gave his opinion that the number of hours spent and the amount of fees were unreasonable, unnecessary,
and excessive. Kimes' opinion testimony does not render the evidence factually insufficient to support the
award. Nor does evidence that, to settle the suit, the Commission would have accepted $2500 in
attorney's fees. We thus overrule point six.

 Kimes claims in point of error seven that the trial court erred by refusing to hold a separate
evidentiary hearing on sanctions. The court, in fact, held a separate evidentiary hearing. See Tex. R.
Disciplinary P. 3.10 (giving court discretion to conduct such a hearing). Kimes appears to complain that
the trial court did not continue the sanctions hearing to a later date. The record of the hearing shows that
Kimes offered to stipulate to the Commission's al