# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00199-CV

**Maryann Casillas, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-FM-07-005263, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Maryann Casillas appeals from a final order following a jury verdict terminating her parental rights to six children. In a single issue on appeal, Casillas asserts that the district court abused its discretion by excluding evidence concerning a motion to strike Casillas's petition for divorce from Mariano Najera, the father of all the children. We will affirm the termination order.

On October 12, 2007, the Texas Department of Family and Protective Services (the Department) filed a petition seeking to terminate the parental rights of Casillas and Najera to their six minor children: M.N.; H.N.; M.Fe.N.; M.Fa.N.; M.C.N.; and M.I.N. The Department alleged grounds for termination against both parents that included knowingly placing or knowingly allowing the children to remain in conditions or surroundings which endangered the children's physical or emotional well-being and engaging in conduct or knowingly placing the children with persons who

engaged in conduct which endangered the children's physical or emotional well-being. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E) (West Supp. 2009).

The jury heard evidence that Najera was violently abusive toward the children and that Casillas was aware of the abuse but did nothing to stop it. The investigation began when the Department received a report that four-year-old M.Fe.N. had "multiple bruises all over her body" and that a cousin of M.Fe.N. had "stated that he [the cousin] had been injured by the father and that both parents were very abusive, verbally and physically, of all the children in the home." Multiple witnesses testified that, during the course of the investigation, they learned that the abuse included pliers being used to pinch a child's arm, a picture frame being used to hit a child on the head, chili being rubbed in a child's eyes and a chili pepper then being stuck into his rectum, and a child being hit with an extension cord, a belt, and a tire iron and thrown in hot water as a form of punishment. Injuries to the children observed by the caseworkers and investigators included six-year-old H.N. being "heavily bruised right below the buttock area down to his knees," having a bruise on his shin, a scar on the middle of his back, and another scar on the top of his head; nine-year-old M.N. having a bruise on his right buttock area; and three-year-old M.Fa.N. having at least seven "whip marks on her buttock area." Although the majority of the abuse was allegedly caused by Najera, the children's therapist testified that the children told her that Casillas had, on at least one occasion, "held them down" while Najera would "hit them with cords." Throughout the investigation, according to multiple witnesses, Casillas denied that Najera was abusing the children, blamed the abuse on the children's grandparents or claimed that the children's injuries were "accidents," and refused to separate from Najera despite instructions from the Department to do so.

2

Lyndsey Norman, the CASA Supervisor assigned to the case, characterized the abuse the children suffered as "atrocious" and testified that this case was "among the worst cases of abuse I've ever witnessed, and certainly the most abusive over a period of time." She believed that termination of Casillas's parental rights was in the best interest of the children: "I think the risk factor that there would be additional abuse, that dad would come back into their lives in some way, shape or form is such that I could not at any time recommend that the kids go back to their mom."

On January 15, 2009, less than one month before the case proceeded to trial, Casillas filed in the district court her Original Petition for Divorce. On February 5, the Department filed a motion to strike the petition, alleging that venue in Travis County was improper because Casillas had briefly resided in New Mexico and currently resided in El Paso County and that Najera currently resided in Harris County.[1] At a pretrial hearing on February 9, the district court denied the motion to strike. However, the following day, before trial began, the district court stated that it had reconsidered the matter and decided to grant the motion.

On January 30, 2009, the Department filed a motion in limine. Among other things, the motion requested that the district court prohibit the parties from making "[a]ny mention, reference, or question regarding pleadings that have been struck by the Court or supplanted by an amended petition." The district court granted the motion in limine. It is undisputed that the divorce petition was among the pleadings covered by the motion.

---

[1] *See* Tex. Fam. Code Ann. § 6.301 (West 2006) (providing that suit for divorce may not be maintained in this state unless at time suit is filed either petitioner or respondent has been domiciliary of this state for preceding six-month period and resident of county in which suit is filed for preceding 90-day period).

Nevertheless, at trial, evidence that Casillas had filed for divorce was repeatedly admitted without objection. During one such instance, when Lyndsey Norman, the CASA supervisor assigned to the case, was questioned by the children's attorney ad litem, the following testimony was elicited:

Q:                Have you heard Ms. Casillas tell the jury that [Najera] is out of her life?

A:                I have heard her say that.

Q:                And that she's even filed for divorce?

A:                Yes, ma'am.

Q:                What is your understanding of the status of that divorce filing?

A:                My understanding is that the divorce was filed in this county and Ms. Casillas is not currently living in this county, so she's going to have to file in the appropriate county.

Q:                So she's going to have to refile the divorce?

A:                That's my understanding.

Later, during cross-examination, Casillas's counsel attempted to elicit testimony from Norman that the Department had moved to strike the petition. This time the Department immediately objected:

Q:                Going back to the divorce, do you find it odd that the attorney for CPS would file a motion to have the divorce petition struck?

[The Department]:    Objection, Your Honor.

The Court:         All right come on up.

4

(At the bench discussion out of the hearing of the jury as follows):

The Court:        That is a violation of the motion in limine.

[The Department]:    She lied in the divorce decree—

The Court:        Stop, stop, stop. Ladies, we are in front of the jury. It's clearly a violation of the motion in limine. You do it again and I will sanction you.

[Casillas's attorney]:  I will withdraw the question.

(In open court before the jury).

Q:               Ms. Norman, are you aware that Ms. Casillas intends to file a divorce in El Paso County where venue is proper?

A:               That's my understanding, yes.

Casillas then moved on to another line of questioning.

On appeal, Casillas asserts that the district court abused its discretion by excluding evidence that the Department moved to strike her divorce petition.[2] Casillas urges that the fact the Department moved to strike the petition is relevant to the sincerity of Casillas's efforts in seeking a divorce from Najera and to the Department's "credibility." In response, the Department and the attorney ad litem, who has filed a separate brief on appeal, argue that Casillas failed to preserve error below. Alternatively, they contend that the district court did not abuse its discretion in excluding the evidence and that, even if it did, any error was harmless.

---

[2] Casillas's complaint on appeal is limited to the district court's exclusion of evidence related to the motion to strike. She does not complain of any other evidentiary matters relating to her divorce filing, which was referenced during trial on multiple occasions.

We agree that Casillas failed to preserve error.  The excluded evidence was subject to a motion in limine.  A motion in limine is designed solely to require an offering party to approach the bench and inquire into the admissibility of the evidence at issue before introducing that evidence to the jury.  *See Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex. 1963); *Trevino v. Texas Dep't of Protective and Regulatory Servs.*, 893 S.W.2d 243, 249 (Tex. App.—Austin 1995, no writ).  Accordingly, a ruling on a motion in limine "has no bearing on the ultimate admissibility of the evidence," *Trevino*, 893 S.W.2d at 249, and "preserves nothing for review."  *Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 873 (Tex. App.—Corpus Christi 2006, pet. denied) (citing *Hartford*, 369 S.W.2d at 335).  Rather, to preserve error concerning the exclusion of evidence, the complaining party must offer the evidence and secure an adverse ruling from the court. *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 334 (Tex. App.—Dallas 2008, no pet.); *Johnson v. Garza*, 884 S.W.2d 831, 834 (Tex. App.—Austin 1994, writ denied).  The substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. Tex. R. Evid. 103(a)(2); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 433 (Tex. 1984).  When no offer of proof is made before the trial court, the party must introduce the excluded testimony into the record by a formal bill of exceptions.  *Bobbora*, 255 S.W.3d at 335; *see* Tex. R. App. P. 33.2.  "Without a bill of exceptions showing what the excluded testimony would have been, we cannot determine whether the testimony was inadmissible on some other ground or whether its exclusion was otherwise harmless error."  *Duncan*, 665 S.W.2d at 433.  Additionally, unless an adverse ruling is secured from the trial court, there is nothing for us to review.

Here, when Casillas attempted to elicit testimony about the Department's motion to strike and the Department objected, Casillas failed to make an offer of proof regarding the testimony or file a formal bill of exceptions. Nor did she obtain an adverse ruling from the district court. Instead, after the district court informed Casillas that the question violated the motion in limine, she withdrew her question. At no other time before or during trial did Casillas ever object to the exclusion of this evidence. Later during trial, Casillas did object to the exclusion of evidence related to a second divorce petition that had allegedly been filed in El Paso County, but she never returned to the subject of the Department's motion to strike the original petition. We conclude that Casillas has failed to preserve error on this issue. *See* Tex. R. App. P. 33.1.

Nor, in any event, could we conclude on this record that Casillas was harmed by the exclusion of the evidence regarding the Department's motion to strike. To reverse a judgment based on a claimed error in admitting or excluding evidence, a party must show that the error probably resulted in an improper judgment. *Interstate Northborough P'Ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). Typically, a successful challenge to a trial court's evidentiary ruling requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). Casillas has failed to make such a showing. We have reviewed the record. During the week-long termination trial, the jury heard considerable evidence, summarized above, supporting the Department's termination grounds and tending to show that termination of Casillas's parental rights was in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001. The jury also heard evidence that Casillas had filed for divorce in Travis County, that she had filed it in the wrong county, and that she intended

7

to refile for divorce in El Paso County.  We cannot conclude on this record that the judgment terminating Casillas's parental rights turned on the exclusion of evidence related to the Department filing a motion to strike the petition filed in Travis County on the basis of improper venue.

We overrule Casillas's sole issue on appeal.

### CONCLUSION

We affirm the termination order.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   March 24, 2010