INTERNATIONAL SURPLUS LINES
INSURANCE COMPANY,
Relator,

v.

The Honorable Tommy W. WALLACE,
Judge, 294th Judicial District Court,
Wood County, Texas, Respondent.

No. 6–92–124–CV.

Court of Appeals of Texas,
Texarkana.

Dec. 21, 1992.

Scott M. Clearman, Hirsch, Glover, Robinson, Sheiness, Houston, William Drew Perkins, Perkins & Meyers, Lufkin, for relator.

Wesley E. Hoyt, Law Offices of George Chandler, Lufkin, Patrick J. Spruiell, Bartlett & Spruiell, Canton, for respondent.

## OPINION

GRANT, Justice.

This is an original proceeding. The relator filed a motion for leave to file a petition for writ of mandamus that would direct the trial court to vacate its order of November 4, 1992, authorizing the deposition of Cindy Reece on any matter. Relator contends that she is its former agent and that her testimony would be privileged as work product. On November 17, 1992, we granted relator temporary relief by staying the court's order of November 4, 1992, in cause number 147–88, pending resolution of this original proceeding.

The issue before us is whether the trial court abused its discretion in the manner in which it ordered discovery by deposition of a former claims adjuster of relator's managing general agent in a suit brought against relator by the real parties in interest ("the City"), Wayne Lyon, A.A. Smith, A.L. Aikens, and the City of Mineola, Texas, for bad faith refusal to pay insurance claims or to provide a defense. The underlying suit was filed in the 294th Judicial District Court of Wood County and is styled *Wayne Lyon, A.A. Smith, A.L. Aikens, and the City of Mineola, Texas v. The International Surplus Lines Insurance Company.*

Cindy Reece was an insurance claims adjuster employed by the firm of Crum and Forster, the managing general agent for relator. In that position, she handled the City of Mineola's claim for insurance coverage and request for defense under the City's policy with relator. She was employed by Crum and Forster from July 1986 to January 1990, at which time she resigned. Thereafter, Reece contacted the former city attorney for the City of Mineola and offered to testify in favor of the City in its bad faith suit against the relator. The current city attorney was so advised and contacted Reece, who by that time was living in California. The city attorney met with Reece in California and again later in Arizona.

The City set a deposition of Reece in Chicago, Illinois, for February 26, 1992. She appeared but did not testify, after lawyers for relator indicated that they would file suit against her if she did so. On April 9, 1992, the City moved for a protective order, asking that deposition of Reece be scheduled by the court. On April 24, 1992, relator filed a cross-motion for a protective order objecting to deposition of Reece on the grounds of specific exemptions set out in TEX.R.CIV.P. 166b. The motion also requested various restrictions on the conduct of the deposition of Reece to be applicable if the court granted relator's motion to order a deposition.

The court entered two orders on November 4, 1992. In one, it denied the motion for protective order as requested by the relator. In the other, it granted the City's motion for protective order, held that the City could depose Cindy Reece on all subjects, and granted various other forms of relief requested by the City in its motion. The order provides that the record of the deposition of Reece would be sealed until reviewed by the court and that the matter of admissibility of the contents of the deposition was reserved.

Relator argues that the trial court's order permitting the City to depose Cindy Reece "on all subjects" is an abuse of discretion because it permits disclosure of information protected by the client's privilege, the party communication privilege, and the work product privilege. These same privileges were claimed in relator's motion for a protective order which was denied by the court.

The client's privilege is set forth in Rule 503 of the Texas Rules of Civil Evidence. In relevant part the rule provides:

A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative ... (4) between representatives of the client or between the client and a representative of the client....

TEX.R.CIV.EVID. 503(b). The rule defines client as:

[A] person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from him.

TEX.R.CIV.EVID. 503(a)(1).

Relator argues that Reece, by virtue of her position with Crum and Forster and her handling of the City's insurance claims against relator, was an agent or representative of relator and had engaged in confidential communications with the relator's attorneys who were defending relator in

the underlying lawsuit. Relator contends that it is in the position of a client of its attorneys and that, under Rule 503, Reece has a duty not to reveal confidential information obtained while assisting in the preparation of the defense of the lawsuit, citing *Jeter v. Associated Rack Corp.*, 607 S.W.2d 272, 276 (Tex.Civ.App.–Texarkana 1980, writ ref'd n.r.e.), *cert. denied*, 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981). *Jeter*, however, was not based on the client privilege set forth in Rule 503.

Relator also cites RESTATEMENT (SECOND) OF AGENCY § 396 (1958) which provides in part that, unless otherwise agreed, after termination of the agency, the agent has a duty to the principal not to disclose confidential matters to third persons when the ·matters were given to him only for the principal's use.

Relator further contends that it is entitled to claim a party communication privilege exemption for the work of Cindy Reece while she was acting as its agent or representative. That privilege is set forth in Rule 166b, which provides in relevant part that the following is protected from disclosure by privilege:

> Communications between agents or representatives or the employees of a party to the action or communications between a party and that party's agents, representatives or employees, when made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation.

TEX.R.CIV.P. 166b(3)(d).

Relator argues that the court's order permitting deposition of Cindy Reece as to all matters would require Reece to disclose matters protected by the party communications privilege. Given the broad language of the court's order permitting deposition of Reece "on all subjects," we agree that this could occur if real parties in interest were to ask Reece a question to which relator objected on the basis of privilege and counsel for real parties in interest then instructed Reece to answer the question anyway.

■ Tex.R.Civ.P. 166b(4) provides in relevant part that, where a party timely objects to a discovery request, a party seeking to exclude any matter from discovery must specifically plead the particular exemption or immunity from discovery relied upon and at or prior to any hearing produce any evidence necessary to support such claim, either in the form of affidavits served at least seven days before the hearing or by testimony. The rule further provides, in the case of oral answers to deposition questions, that the objecting party must segregate and produce the discovery to the court by answers made *in camera* to deposition questions, to be transcribed and sealed in event the objection is sustained. *See also* Michol O'Connor, O'CONNOR'S TEXAS RULES · CIVIL TRIAL at 549 (1992) (interpreting Rule 166b(4), stating that objections can be marked by the court reporter, and the deponent can answer the question *in camera* for submission under seal to the court for a ruling).

■ In its motion for a protective order, relator asked the court to utilize a somewhat similar procedure. The motion was denied, and thereafter the broad-form deposition order was issued by the court allowing deposition of Reece on all subjects. The court directed that, at the conclusion of the deposition, the record of the entire deposition would be sealed and filed with the court. The court specifically reserved the matter of the admissibility of the contents.

The effect of the court's order is to permit the City to ask Reece to answer questions on any subject in the presence of counsel for both sides. As we have noted, Reece might be directed to answer any question put to her by the City, and at the conclusion of the deposition the answers to all questions would be sealed and presented to the trial court for in camera review and determination of admissibility. This procedure permits the City's counsel to hear the answer to a question to which the real parties in interest object before the trial court rules on whether the privilege

claimed by the relator protects the information from discovery.

The object of the exemptions from discovery provided by Rule 166b is to protect exempted matters from being revealed to the opposite parties, rather than to determine the admissibility of such matters. The procedure set up by the trial court's order would effectively override what might be legitimate claims of exemption from discovery.

In its response, the City contends that the trial court's order of November 4, 1992, did not *order* Cindy Reece to testify as to matters protected by the privileges claimed by the relator and that the language of the order providing for deposition of Reece on all subjects "presumably" refers only to those matters within the permissible scope of discovery under Rule 166b. However, a reasonable inference can be drawn from the court's language that *all* questions asked by the City must be answered in the presence of both sides at the deposition and only then would the answers be sealed for later *in camera* inspection by the court and determination of the admissibility of the contested answers. This is the crux of relator's position in this original proceeding.

■ Relator also claims that the trial court erred by failing to require that a "certificate of conference" be included in the discovery motion granted by the court. Relator cites no case requiring such a certificate, but predicates the claim on TEX. R.CIV.P. 166b(7). That rule provides that "[a]ll discovery motions shall contain a certificate by the party filing same that efforts to resolve the discovery dispute without the necessity of court intervention have been attempted and failed." A comment to Rule 166b indicates that this provision was

added in 1990 to ensure that court time will not be taken to resolve discovery disputes unless the parties cannot resolve them without court intervention. Because this rule is for the benefit of the trial court, a trial court has discretion in a given instance to forego the benefit and not enforce the rule.

■ The trial court has flexibility under the rules to require discovery on a basis that the court finds will protect the right to discovery and at the same time protect privileged matters. For example, the court may require written interrogatories, and exclude any of the questions that directly call for privileged information. Under Rule 166b(4), the trial court may require an oral deposition in which the court reporter will take down the answers claimed privileged outside the presence of the party seeking the answer.[1] The answer would then be sealed and filed with the court for *in camera* review and determination of whether an exemption from discovery was applicable.

The propriety of an exemption for any specific question is not before us, and we express no opinion as to whether any question which might be asked Reece by the City is subject to a privilege from disclosure. We have addressed only the issue of the breadth of the trial court's order authorizing deposition of witness Cindy Reece. We conclude that the trial court abused its discretion in ordering discovery in the broad form set out in its order of November 4, 1992, after having received a request for protection of privileged information. We do not order the trial court to follow any specific procedure, but the trial court must provide for the protection from discovery of any privileged information. We,

---

1. The City has urged that the relator should also be excluded from the deposition during the answering of these certified questions. As a general rule, the party claiming the privilege is entitled to know what the testimony will be so that this party can make its objections and arguments to the trial court for protection of the information. The party seeking the information has no privilege to invoke, and therefore generally has no right to exclude the objecting party.

At oral argument, the City contended that Relator should be excluded on the basis that the presence of its attorney and agents would intimidate the witness. Since the City sought no relief on this contention in the trial court, there is nothing before this Court for review on this matter. The trial court has broad discretion in such matters, e.g. the court can preside over the deposition or provide whatever protection the trial court deems necessary, if any, for the protection of this witness from intimidation.

therefore, conditionally grant the petition for writ of mandamus to the extent that the discovery procedure authorized by the court cannot require or result in disclosure of privileged information. The writ will issue only if the trial court does not conform its order of November 4, 1992, with this opinion.

The order of this Court staying the trial court's order of November 4, 1992, is hereby vacated, and the trial court is directed to proceed in consonance with this opinion.