TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00009-CV







Kodjo V. Amegnisso-Tossou, Appellant



v.



Westminster Manor, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. GN001735, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 







 Kodjo V. Amegnisso-Tossou was employed by Westminster Manor. He was
discharged from that position for repeated failures to report for work or to call and report his absence
("no-call no show"). He sued Westminster Manor for discrimination and harassment based on race
and national origin. (1) Based on the jury's verdict failing to find Westminster Manor liable, the trial
court rendered judgment that Amegnisso-Tossou take nothing. We will affirm the trial court's
judgment.

 Amegnisso-Tossou brings four points of error, none of which challenge the
sufficiency of the evidence to support the verdict. He contends that the trial court improperly
considered a false document; erred in granting Westminster Manor's motion in limine; erred in its
ruling that the trial could be completed in one day; and erred in refusing to appoint counsel to
represent him. (2) 

 We begin with point four. The clerk's record shows this is a civil case that does not
involve parent-child termination. (3) There is no general federal or state constitutional right for counsel
to be appointed for a civil litigant. See Lassiter v. Dept't of Soc. Servs., 452 U.S. 18, 26-27 (1981);
Traveler's Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996); Pedraza v. Crossroad Sec.
Sys., 960 S.W.2d 339, 341 (Tex. App.--Corpus Christi 1997, no pet.). A court has the power to
appoint counsel for an indigent litigant. See Tex. Gov't Code § 24.016 (West 1988). Such an
appointment typically occurs only in an exceptional case in which "public and private interests at
stake are such that the administration of justice may best be served by appointing a lawyer to
represent an indigent civil litigant." Travelers Indem. Co., 923 S.W.2d at 594 (emphasis added). 
The litigant must demonstrate that there is something exceptional about the case that would "require
the government to intervene with financial support." Knie v. Piskun, 23 S.W.3d 455, 461 (Tex.
App.--Amarillo 2000, pet. denied). Amegnisso-Tossou has not demonstrated that this employment
dispute called for the appointment of counsel. We overrule point of error four.

 Amegnisso-Tossou's other three points of error concern alleged procedural errors that
are reviewed on an abuse of discretion standard. A trial court abuses its discretion when it acts
without regard for any guiding rules or principles. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991). Further, in the absence of a reporter's record we must presume that the
evidence supported the trial court's ruling. Bryant v. United Shortline, Inc. Assurance Servs., N.A.,
972 S.W.2d 26, 31 (Tex. 1998); In re Marriage of Spiegel(I), 6 S.W.3d 643, 646 (Tex.
App.--Amarillo 1999, no pet.). 

 In his first point of error, Amegnisso-Tossou contends that the trial court improperly
considered false documents. He has attached the three allegedly false documents as "Appendix B"
to his "Brief Statement of Appeal; Grounds for an Appeal." The documents to which he objects are
a "Supervisor/Employee Conversation Record" that showed a request to him for a doctor's note
concerning a claim he made about a health condition, an "Employee Counseling" sheet showing a
verbal warning given to him concerning a complaint against him by a co-worker, and an
"Assignment Completion Sheet" from an organization named "Oak Hill Technology, Inc." with a
"no show, no call" comment. All three of the documents show that they were marked as defendant's
trial exhibits. However, without a reporter's record, we cannot verify whether these documents were
ever introduced into evidence, or whether Amegnisso-Tossou objected to them on the basis asserted
on appeal. See Tex. R. App. P. 33.1(a)(1) (preservation of error for appeal). Accordingly, he has
demonstrated neither preservation of error nor harmful error. See Tex. R. App. P. 44.1(a) (reversible
error). We overrule point of error one. 

 In his second point of error, Amegnisso-Tossou he contends that the trial court erred
in granting Westminster Manor's motion in limine. A trial court's ruling on a motion in limine 
never constitutes reversible error. State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 866 (Tex. 1988);
Trevino v. Texas Dep't of Protective & Regulatory Servs., 893 S.W.2d 243, 249-50 (Tex.
App.--Austin 1995, no writ). Even when the ruling is erroneous, it can never require reversal 
unless during trial the court erroneously admits or excludes the questioned evidence over a timely
and proper objection. Acord v. General Motors Corp., 669 S.W.2d 111, 116 (Tex. 1984); Johnson
v. Garza, 884 S.W.2d 831, 834 (Tex. App.--Austin 1994, writ denied). Without a reporter's record,
Amegnisso-Tossou cannot show that any witness he tried to call at trial was excluded, or that he
made a bill of exception to preserve the excluded testimony to show harm. See Tex. R. App. P. 33.2
(necessity for bill of exception). We overrule point of error two.

 In his third point of error, Amegnisso-Tossou contends that the trial court erred in
allocating one day for trial, rather than the three days that he requested. In general, a trial court has
wide discretion in managing its docket, and a reviewing court will not interfere with the exercise of
that discretion absent a showing of clear abuse. See Clanton v. Clark, 639 S.W.2d 929, 931 (Tex.
1982). The trial judge is vested with broad discretion in the manner in which trial is controlled and
its judgment will not be reversed unless probable prejudice is shown. See Aultman v. Dallas Ry. & 
Terminal Co., 260 S.W.2d 596, 600 (Tex. 1953); Jeter v. Associated Rack Corp., 607 S.W.2d 272,
277 (Tex. Civ. App.--Texarkana 1980, writ ref'd n.r.e.). Amegnisso-Tossou has not demonstrated
any prejudice from the trial court's time allocation. We overrule point of error three.

 We have considered and overruled all of Amegnisso-Tossou's points of error. 
Accordingly, we affirm the trial court's judgment.



 __________________________________________


 Marilyn Aboussie, Chief Justice


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel


Affirmed


Filed: August 30, 2002


Do Not Publish

1. Amegnisso-Tossou is from Togo, a country in western Africa. His primary language is French. 
He was provided an interpreter at various times, both by Westminster Manor as his employer and
at the trial court. He represented himself pro se at trial and appears pro se on appeal.
2. Amegnisso-Tossou attempted to claim indigent status for his appeal, but did not comply with
Texas Rule of Appellate Procedure 20. Although the district clerk prepared and forwarded a clerk's
record without pre-payment, no payment arrangements were ever made with the court reporter and
therefore no reporter's record was filed. Tex. R. App. P. 35.3(b)(3). Accordingly, this cause was
submitted based on the clerk's record. Tex. R. App. P. 37.3(c).
3. The appointment of counsel is required by statute under certain circumstances in cases
terminating the parent-child relationship. Tex. Fam. Code Ann. § 107.013 (a)(1) (West Supp. 2002).