# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00009-CV

**Kodjo V. Amegnisso-Tossou, Appellant**

**v.**

**Westminster Manor, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN001735, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

Kodjo V. Amegnisso-Tossou was employed by Westminster Manor. He was discharged from that position for repeated failures to report for work or to call and report his absence (Ano-call no show@). He sued Westminster Manor for discrimination and harassment based on race and national origin.[1] Based on the jury=s verdict failing to find Westminster Manor liable, the trial court rendered judgment that Amegnisso-Tossou take nothing. We will affirm the trial court=s judgment.

---

[1]Amegnisso-Tossou is from Togo, a country in western Africa. His primary language is French. He was provided an interpreter at various times, both by Westminster Manor as his employer and at the trial court. He represented himself *pro se* at trial and appears *pro se* on appeal.

Amegnisso-Tossou brings four points of error, none of which challenge the sufficiency of the evidence to support the verdict. He contends that the trial court improperly considered a false document; erred in granting Westminster Manor=s motion in limine; erred in its ruling that the trial could be completed in one day; and erred in refusing to appoint counsel to represent him.[2]

We begin with point four. The clerk=s record shows this is a civil case that does not involve parent-child termination.[3] There is no general federal or state constitutional right for counsel to be appointed for a civil litigant. *See Lassiter v. Dept=t of Soc. Servs.*, 452 U.S. 18, 26-27 (1981); *Traveler=s Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); *Pedraza v. Crossroad Sec. Sys.*, 960 S.W.2d 339, 341 (Tex. App.CCorpus Christi 1997, no pet.). A court has the power to appoint counsel for an indigent litigant. *See* Tex. Gov=t Code ' 24.016 (West 1988). Such an appointment typically occurs only in an exceptional case in which A*public* and private interests at stake are such that the administration of justice

---

[2] Amegnisso-Tossou attempted to claim indigent status for his appeal, but did not comply with Texas Rule of Appellate Procedure 20. Although the district clerk prepared and forwarded a clerk=s record without pre-payment, no payment arrangements were ever made with the court reporter and therefore no reporter=s record was filed. Tex. R. App. P. 35.3(b)(3). Accordingly, this cause was submitted based on the clerk=s record. Tex. R. App. P. 37.3(c).

[3] The appointment of counsel is required by statute under certain circumstances in cases terminating the parent-child relationship. Tex. Fam. Code Ann. ' 107.013 (a)(1) (West Supp. 2002).

may best be served by appointing a lawyer to represent an indigent civil litigant.@ *Travelers Indem. Co.*, 923 S.W.2d at 594 (emphasis added). The litigant must demonstrate that there is something exceptional about the case that would Arequire the government to intervene with financial support.@ *Knie v. Piskun*, 23 S.W.3d 455, 461 (Tex. App.CAmarillo 2000, pet. denied). Amegnisso-Tossou has not demonstrated that this employment dispute called for the appointment of counsel. We overrule point of error four.

Amegnisso-Tossou=s other three points of error concern alleged procedural errors that are reviewed on an abuse of discretion standard. A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Further, in the absence of a reporter=s record we must presume that the evidence supported the trial court=s ruling. *Bryant v. United Shortline, Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *In re Marriage of Spiegel(I)*, 6 S.W.3d 643, 646 (Tex. App.CAmarillo 1999, no pet.).

In his first point of error, Amegnisso-Tossou contends that the trial court improperly considered false documents. He has attached the three allegedly false documents as AAppendix B@ to his ABrief Statement of Appeal; Grounds for an Appeal.@ The documents to which he objects are a ASupervisor/Employee Conversation Record@ that showed a request to him for a doctor=s note concerning a claim he made about a health condition, an AEmployee Counseling@ sheet showing a verbal warning given to him concerning a complaint against him by a co-worker, and an AAssignment Completion Sheet@ from an organization named AOak Hill Technology, Inc.@ with a Ano show, no call@ comment. All three of the documents show that they were marked as defendant=s trial exhibits. However, without a reporter=s record, we cannot verify whether these documents were ever introduced into evidence, or whether Amegnisso-

Tossou objected to them on the basis asserted on appeal. *See* Tex. R. App. P. 33.1(a)(1) (preservation of error for appeal). Accordingly, he has demonstrated neither preservation of error nor harmful error. *See* Tex. R. App. P. 44.1(a) (reversible error). We overrule point of error one.

In his second point of error, Amegnisso-Tossou he contends that the trial court erred in granting Westminster Manor=s motion in limine. A trial court=s ruling on a motion in limine never constitutes reversible error. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 866 (Tex. 1988); *Trevino v. Texas Dep=t of Protective & Regulatory Servs.*, 893 S.W.2d 243, 249-50 (Tex. App.CAustin 1995, no writ). Even when the ruling is erroneous, it can never require reversal unless during trial the court erroneously admits or excludes the questioned evidence over a timely and proper objection. *Acord v. General Motors Corp.*, 669 S.W.2d 111, 116 (Tex. 1984); *Johnson v. Garza*, 884 S.W.2d 831, 834 (Tex. App.CAustin 1994, writ denied). Without a reporter=s record, Amegnisso-Tossou cannot show that any witness he tried to call at trial was excluded, or that he made a bill of exception to preserve the excluded testimony to show harm. *See* Tex. R. App. P. 33.2 (necessity for bill of exception). We overrule point of error two.

In his third point of error, Amegnisso-Tossou contends that the trial court erred in allocating one day for trial, rather than the three days that he requested. In general, a trial court has wide discretion in managing its docket, and a reviewing court will not interfere with the exercise of that discretion absent a showing of clear abuse. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). The trial judge is vested with broad discretion in the manner in which trial is controlled and its judgment will not be reversed unless probable prejudice is shown. *See Aultman v. Dallas Ry. & Terminal Co.*, 260 S.W.2d 596, 600 (Tex. 1953); *Jeter v. Associated Rack Corp.*, 607 S.W.2d 272, 277 (Tex. Civ. App.CTexarkana 1980,

**4**

writ ref=d n.r.e.). Amegnisso-Tossou has not demonstrated any prejudice from the trial court=s time allocation. We overrule point of error three.

We have considered and overruled all of Amegnisso-Tossou=s points of error. Accordingly, we affirm the trial court=s judgment.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish