

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00054-CV

NATHAN COGSDIL, APPELLANT

V.

JIMMY FINCHER BODY SHOP, LLC, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 102609-00-1, Honorable W. F. (Corky) Roberts, Presiding

November 8, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In this appeal arising from post-judgment collection proceedings in Potter County Court at Law Number One, appellant Nathan Cogsdil presents five issues pertaining to the trial court's disposition of a motion to compel and for the sanction of attorney's fees brought by appellee Jimmy Fincher Body Shop, LLC (Fincher).[1] We will affirm the order of the trial court.

---

[1] By order of February 21, 2017, we overruled Fincher's motion to dismiss and recognized our jurisdiction over the appeal of the trial court's sanction order. *See Cogsdil*

Background

Because the facts are well known to the parties, and the law we apply is well settled, we will not recite the facts here except as necessary to advise the parties of the basic reasons for our disposition of the issues presented. TEX. R. APP. P. 47.4.

Fincher sued Cogsdil, alleging Cogsdil failed to pay Fincher for repairs made to Cogsdil's vehicle. After a bench trial the court rendered a money judgment in favor of Fincher. Thereafter, Cogsdil filed a motion to recuse the trial judge on a ground he assertedly discovered immediately after trial. The motion was referred to the regional presiding judge who denied the motion. Cogsdil appealed, challenging a pretrial ruling and the recusal judge's ruling on the motion to recuse. In this Court, the appeal was assigned case number 07-16-00303-CV. We affirmed the trial court and the recusal judge.[2]

Meanwhile, Cogsdil did not supersede enforcement of the judgment and Fincher served written discovery requests in aid of enforcement. *See* TEX. R. CIV. P. 621a. When Cogsdil did not timely respond to Fincher's discovery requests, Fincher sought an order compelling responses and seeking attorney's fees as a sanction under Texas Rule of Civil

---

*v. Jimmy Fincher Body Shop, LLC,* No. 07-17-00054-CV, 2017 Tex. App. LEXIS 1665 (Tex. App.—Amarillo Feb. 21, 2017, per curiam order) (citing *Sintim v. Larson,* 489 S.W.3d 551 (Tex. App.—Houston [14th Dist.] 2016, no pet.)). We will address all five issues Cogsdil raises. *Cf. Texas R.R. Comm'n v. Air Prods. & Chems., Inc.,* 594 S.W.2d 219, 221-22 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.); *Letson v. Barnes,* 979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied).

[2] *Cogsdil v. Jimmy Fincher Body Shop, LLC,* No. 07-16-00303-CV, 2017 Tex. App. LEXIS 10166 (Tex. App.—Amarillo Oct. 30, 2017, pet. denied) (mem. op.).

Procedure 215.1(d).[3]  The trial court signed an order compelling Cogsdil's responses to Fincher's discovery requests and awarding Fincher $750 as "reasonable expenses incurred in obtaining [the] order."  This appeal followed.

Analysis

Recusal

By his first issue, Cogsdil complains the trial judge "continu[es] to refuse to recuse" himself "where there was an appearance of impartiality."  In case number 07-16-00303-CV we affirmed the regional presiding judge's order overruling Cogsdil's motion to recuse. In the present appeal, the record and argument of the parties make clear that Cogsdil has not filed a later recusal motion.  Nothing is presented for our review.  TEX. R. APP. P. 33.1(a).  Cogsdil's first issue is overruled.

Issues Two through Four

Cogsdil's issues two through four present two contentions.  First, he argues Fincher's motion to compel and for sanctions lacked certificates attesting that efforts to resolve the discovery dispute without court intervention were attempted but failed.  He argues that if counsel for Fincher had conferred with counsel for Cogsdil before Fincher's motion to compel and for sanctions was prepared, the amount of attorney's fees awarded

---

[3] In relevant part the rule provides:

If the motion is granted, the court shall, after opportunity for hearing, require a party . . . whose conduct necessitated the motion . . . to pay . . . the moving party the reasonable expenses incurred in obtaining the order, including attorney fees . . . .

TEX. R. CIV. P. 215.1(d).

Fincher for preparing the motion could have been avoided. Second, he contends, at the hearing on Fincher's motion to compel and for sanctions, the trial court erred by denying Cogsdil permission to argue a verified motion to strike Fincher's motion.

*Failure to Certify Attempted Non-Judicial Resolution*

Cogsdil chose not to supersede Fincher's money judgment and, for reasons not made clear in the record, did not respond to Fincher's written post-judgment discovery requests. *See* TEX. R. CIV. P. 621a. Rather, almost a month after the due date for discovery responses, Cogsdil provided counsel for Fincher a two-page personal financial statement and, according to Cogsdil's attorney's transmittal letter to Fincher's counsel, offered to appear for a "short deposition to confirm his financial status/information." The letter concluded with the statement, "Let me know if these efforts to reach agreement on discovery issues work for you. If not, attached is a Motion that we will present on the issues."[4] The record contains no indication that Fincher's counsel expressly responded to the letter. Some six weeks after the date of the letter, Fincher filed his motion to compel and for sanctions. The motion did not certify that efforts were made to resolve the dispute without court intervention as required by Texas Rule of Civil Procedure 191.2.[5] Although

---

[4] The referred-to motion is not included in the record.

[5] Rule 191.2 in pertinent part provides:

All discovery motions or requests for hearings relating to discovery must contain a certificate by the party filing the motion or request that a reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed.

TEX. R. CIV. P. 191.2.

4

not shown by the record, Cogsdil does not dispute that about ten days before the hearing on Fincher's motion, Fincher filed a certificate of conference pertaining to its motion.

At the outset of the hearing on Fincher's motion, Cogsdil asked the court to hear his previously unserved motion to strike Fincher's motion to compel and for sanctions. Fincher objected that Cogsdil's motion was untimely under Texas Rule of Civil Procedure 21, and the court agreed. The parties then presented their arguments for and against the relief Fincher sought. Fincher argued Cogsdil had waived all objections to the unanswered discovery requests by not timely responding and nevertheless did not agree to provide responses in the form requested. In Fincher's view, its counsel and Cogsdil's counsel had sufficiently conferred about the discovery matter making further expression of the impasse by a certificate of conference unwarranted. Counsel also pointed out a certificate of conference was filed prior to the hearing. Cogsdil stressed the mandatory nature of the certificate of conference requirements of rule 191.2. He asserted the attorney's fees Fincher sought for preparing its motion could have been avoided had counsel for Fincher conferred with counsel for Cogsdil prior to beginning preparation of the motion.

The court granted Fincher's motion, ordering Cogsdil to respond to Fincher's written discovery requests within ten days of the order. It further ordered Cogsdil to pay Fincher $750 for expenses incurred in obtaining the order.

We review a trial court's ruling on a motion for sanctions for abuse of discretion. *Darya, Inc. v. Christian,* 251 S.W.3d 227, 232 (Tex. App.—Dallas 2008, no pet.). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to

5

guiding rules or principles." *Iliff v. Iliff,* 339 S.W.3d 74, 78 (Tex. 2011) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985)).

This Court has held that "rules requiring certificates of conference are for the trial court's benefit; thus, they may be enforced at the option of the trial court." *Fuentes v. Schooling,* No. 07-07-00118-CV, 2008 Tex. App. LEXIS 9001, at *9 (Tex. App.—Amarillo Dec. 3, 2008. no pet.) (mem. op.) (citing *Tjernagel v. Roberts,* 928 S.W.2d 297, 300-01 (Tex. App.—Amarillo 1996, orig. proceeding) (applying former rule); *International Surplus Lines Ins. Co. v. Wallace,* 843 S.W.2d 773, 776 (Tex. App.—Texarkana 1992, orig. proceeding) (because certifying that efforts to resolve a discovery dispute without court intervention is for the benefit of the trial court, a trial court possesses discretion to forego the benefit and not require a certificate). That the trial court opted not to vacate the hearing on Fincher's motion to compel and for sanctions as enforcement of the certificate requirement in this instance does not demonstrate an abuse of discretion, especially since the court had the benefit of a certificate of conference filed before the hearing.[6]

*Failure to Proceed on Cogsdil's Motion to Strike*

As noted, at the hearing on Fincher's motion Cogsdil presented a previously unserved motion and sought its immediate hearing. By the motion, Cogsdil asked the

---

[6] In the trial court and on appeal Cogsdil also has cited a local district court rule providing that courts will not set a hearing on any motion unless it is accompanied by a statement to the effect that, after conference on its merits, agreement could not be reached. Rules of Practice in Civil Cases in the District Courts of Potter and Randall Counties, Texas. Available at: http://www.co.potter.tx.us/page/potter.DCRules; last examined, November 5, 2018. His argument does not explain why the discretion afforded the trial court in its enforcement of rule 191.2 is not applicable also to the similar local rule.

6

court to strike Fincher's motion, and his hearing request, because of his failure to comply with rule 191.2. Although the trial court agreed with Fincher that Cogsdil's motion was untimely because it was served without three days' notice as required by rule 21, review of the hearing record shows the court allowed Cogsdil's counsel to present the grounds for relief requested by the motion as a counter-argument in defense of Fincher's motion. The court granted the relief Fincher requested. The following day, Cogsdil filed an amended motion to strike which appears in essence identical to the motion he served the previous day.

On appeal, Cogsdil contends the trial court wrongly applied rule 21 to his motion to strike because it was filed during a hearing. In relevant part rule 21(b) provides: "An application to the court for an order . . . *not presented during a hearing* or trial, must be served upon all other parties not less than three days before the time specified for the hearing . . . ." TEX. R. CIV. P. 21(b) (emphasis supplied). Here, we agree Cogsdil presented his motion to strike during a hearing. Nonetheless, we are unable to see an abuse of discretion in the procedure the court employed. We agree with Fincher that Cogsdil was able to present the arguments made in his motion to strike. Moreover, the motion reiterates his arguments based on Fincher's failure to properly comply with rule 191.2's certificate requirement. Because we have found the trial court did not abuse its discretion by granting Fincher's motion, notwithstanding Fincher's failure initially to comply with rule 191.2's certification requirement, any error in not hearing Cogsdil's motion to strike, or in failing to set his amended motion for later hearing, was harmless. Cogsdil's second, third, and fourth issues are overruled.

7

Failure to File Findings of Fact and Conclusions of Law

By his fifth issue, Cogsdil argues the trial court reversibly erred by failing to file timely requested findings of fact and conclusions of law concerning the hearing on Fincher's motion. The eighteen-page reporter's record shows the hearing consisted only of the argument of counsel. No testimonial or documentary evidence was offered or received. For that reason its failure to file findings of fact and conclusions of law was not error. *See IKB Indus. v. Pro-Line Corp.,* 938 S.W.2d 440, 443 (Tex. 1997) (if a trial court renders judgment or dismisses a case without hearing evidence, findings of fact and conclusions of law are not appropriate). Cogsdil's fifth issue is overruled.

## Conclusion

Having overruled each of Cogsdil's issues, we affirm the order of the trial court.

Per Curiam